# EXHIBIT F



# WASCO COUNTY

DISTRICT ATTORNEY

SUITE 304
511 WASHINGTON STREET
THE DALLES, OREGON 97058-2237
PHONE (541) 506-2680
FAX (541) 506-2681

ERIC J. NISLEY
DISTRICT ATTORNEY

LESLIE C. WOLF
CHIEF DEPUTY DISTRICT ATTORNEY

SARAH E. CARPENTER
DEPUTY DISTRICT ATTORNEY

CHILD SUPPORT ENFORCEMENT
(541) 506-2679

VICTIM ASSISTANCE
(541) 506-2685

John A. Lee
Banie & Ishimoto LLP
3705 Haven Ave #137
Menlo Park, CA 94025
Phone: 650-241-2774
Email: jlee@banishlaw.com

RE: Response to your response dated November 7, 2018.

Dear Mr. Lee,

As District Attorney for Wasco County, I am charged with the responsibility of investigating unlawful activities committed within Wasco County, Oregon. I take my role very seriously to prosecute those who violate the laws and statutes of the state of Oregon. The people, farms, and businesses in my district demand and deserve the law to be upheld.

Your letter of November 7, 2018 in response to my initial inquiry regarding allegations brought to me by Azure Farms (Azure) against Landmark Technology, LLC (Landmark) was received. While I appreciate the information you shared, my review has prompted several further questions.

As I read ORS 646A.810, it does not appear to conflict with Federal patent law. This statute was enacted to protect against the unlawful trade practice of sending demand letters (under the guise of patent infringement) in bad faith. When any business (or their agent) uses the threat of patent law infringement to intimidate and coerce other businesses, it corrupts the legitimate patent law system. Therefore, this Oregon law helps protect Federal patent law from being abused by non-producing businesses using threats and intimidation to extract money from the businesses they accuse. Patent law can itself be complicated and thus an area where many people (including attorneys) can become overwhelmed and uneasy with the legal process of defending technical

Letter Regarding Azure Farms Alleged Patent Infringement

1 | P a g e

allegations that are full of jargon and legal terms. Oregon's law aims to prevent the exploitation of the complexity of patent law so it is not a nest for unlawful business practices. Federal patent law benefits from Oregon's bad faith demand statute because it stops the illegitimate use of Federal patent law in the unlawful activity of making demands in bad faith.

Considering the above, Federal patent law does not preempt ORS 646A.810 because it is not in conflict with Federal Law. In fact, the federal law recognizes that baseless or frivolous claims are not protected and can result in an award of damages to an unfairly accused defendant.

The heart of ORS 646A.810 is that making demands, particularly demands regarding patent infringement, is an unlawful act if those demands are made in bad faith.

> *A person or the person's affiliate may not communicate a demand, or cause another person to communicate a demand, to a recipient if in the demand the person or the person's affiliate alleges, asserts or claims **in bad faith** that the recipient has infringed or contributed to infringing a patent or the rights that a patentee has, or has granted to an assignee or licensee, under the patent. (ORS 646A.810(2).*

In my investigation, it is necessary to answer the basic question, "Did Landmark provide enough understandable information in their demands (prior to litigation) for Azure to reasonably understand and to determine that the demands were asserted in good faith?"

In your letter, you assert that the demands are made in good faith because the required information was made available in the Complaint against Azure. This is irrelevant to this investigation because the intent of the law is to prevent litigation. To be in "good faith" all of this information should have been provided prior to litigation. In your response to this letter, please do not include anything from the complaint, subsequent documents you created regarding the allegations in the Complaint or other documents produced in litigation.

I've attached copies of the two initial demand letters sent by Landmark to Azure for reference. These letters appear to me to be both intimidating and confusing. It does not appear Azure could have known these letters were sent in good faith and based on a legitimate claim on infringement. These letters appear to be created from "boilerplate" forms and would not, in my opinion appear legitimate to a reasonable person.

ORS 646A.810 spells out the hallmarks of a demand letter sent in bad faith so that they can be identified.

> *The demand required the recipient to respond or to pay a license or other fee within a period of time that a reasonable person would consider to be unreasonably short.* ORS 646A.810(1)(4)(a).

A demand to pay $65,000 in 15 days is unreasonably short. Especially given the form and appearance of the letters.

> *The demand did not include:*
> *Current and accurate contact information for the patentee, assignee, or licensee including a name, address, and phone number... that would enable the recipient to identify and communicate with the patentee...* (ORS 646A.810(4)(b)(B)

You allege Azure had contact information through "counsel". The law requires the above-referenced information. Getting a letter that only includes a reference to legal counsel for contact information does not satisfy this section of the statute and frankly appears to be an intimidation tactic.

The recipient advised me that their quick google search for "Landmark Technology LLC" doesn't bring up a company website on the first two pages of results. On the second page is a Manta listing which shows a company from Tyler, TX and has a link to www.landmarkpatents.com which does not exist.

Moreover, significant hits on my own google search suggest Landmark Technology is a "patent troll." A reasonable person curious about such a vague demand letter would most likely find this on the internet and disregard a claim for $65,000 in 15 days.

Please also provide evidence that Landmark Technology, LLC was a valid, registered LLC at the time the letters were sent to Azure.

> *The demand did not include:*
> *C) A statement of facts, together with an explanation or a description of the facts that would enable a reasonable person to understand the basis of the allegation...* ORS 646A.810 (4)(b)(C)

The demand letter is at best vague and frankly confusing. The only paragraph that contains any facts relating to the actual use of the patent (quoted below) appears to be boilerplate and only a person with specific expertise might understand what it means. In my estimation, a reasonable person could not understand the basis of the claim based on these facts. The law recognizes this as an important component of a good faith demand.

> *The person... before communicating the demand:*
> *A) Failed to compare the claims in the patent to the features or specifications of the recipient's product, service or technology...* ***or***

> B) Conducted the comparison... in a way that did not enable the person... to specifically identify the infringing features or specifications... (ORS 646A.810 (4)(d)(A and B)

There is nothing in your demand letter that meets this provision of the statute.

Instead, your initial demand letter states the following:

> Landmark believes[1] that Azure Farms, Inc.("Azure Farms") data processing systems, particularly https://www.azurestandard.com/shop/category/healthbeauty/aromatherapy-perfumes/19661 through practices U.S. Patent No. 6,289,319 ("'319 Patent")....
>
> You will find that the '319 Patent teaches and claims automatic data processing systems for processing business and financial transactions between entities from remote sites. This includes data processing systems wherein a central processor acts on inquiries and orders from terminals [as do Azure Farms' servers], communicates with terminals which use program instructions and act as the user interface [as do those devices interfaced to Azure Farms' web servers in communication with Azure Farms' servers], sequences are retrieved in response to data entered [as seen in devices interfaced to Azure Farms' web servers], and data is updated in central processor storage [as per the functionality of Azure Farms' web servers]. For example, the specific functionalities implemented by Azure Farms using their servers and devices interfaced to Azure Farms' web servers constitutes use of the technology taught within the meaning of Claim 1 of the '319 patent.

For reference, Claim 1 of the '319 patent says, "An automatic data processing system for processing business and financial transactions between entities from remote sites which comprises:..." a long list of features. This does not demonstrate how the "features" are used by Azure. It does state conclusions that Azure is using the features but there are no facts to back these conclusions. This is insufficient for a reasonable person to understand the basis of this allegation.

I am told by the recipient, that their search for a legitimate building software that includes the tools they need for their business include www.squarespace.com and www.websitebuilder.com (among others). Square Space https://www.squarespace.com/pricing#commerce offers their Advanced plan (for On-line Stores) for $40.00 per month (screenshot below) and Website Builder https://www.websitebuilder.com/pricing offers their eCommerce plan for $18.45 per month.

---

[1] A "belief" is not a sufficient basis to demand a $65,000 payment from a small corporation for a patent infringement.

4 | P a g e

Letter Regarding Azure Farms Alleged Patent Infringement

> e) The person... offered to license the patent for an amount that a reasonable person with knowledge of the market value of a license for the invention... would consider unreasonable. (ORS 646A.810 1.4e)

A brief internet search for legitimate building software (which includes shopping cart technology and many other tools, subsequent licenses, support, etc.) results show that If these were to be subscribed to for the same length as the life of the patent in question (20 years), a customer would pay $9600 or $4428 respectively.

It appears from these simple facts that the amount you demanded in 15 days was not reasonable given comparable alternatives. Perhaps you can explain how this amount was reasonable?

It appears that the patent you are claiming infringement was granted in 1994. A reasonable person might look up the patent and determine it was issued in 1994 and given that patents expire after 20 years, would a reasonable person be able to conclude, based on your vague and confusing letter that your patent was still valid in 2017? I do not believe so. Your demand letter should have included factual information that the patent was still valid and enforceable.

> f) The person... knew or should have known at the time [they]... communicated the demand that the allegation... of infringement was without merit or was deceptive. ORS 646A.810 1.4f)

In my opinion, your demand letters were without merit and were deceptive.

I would ask that you send me copies of similar letters you have sent to other companies to compare and contrast to see if other companies were treated differently or given different information. Also, please provide information as to how many lawsuits have been initiated based on these demand letters.

> A court may consider one or more of the following conditions as evidence that a person... has, in good faith, alleged... an infringement of a patent...
> d) The person... after conducting the comparison... attempted in good faith to negotiate a settlement or a license for the patent with the recipient. ORS 646A.810 1()(5)(d)

Please provide me with documentation regarding your efforts to negotiate with Azure Farms (which does not include the complaint). Your letter dated January 2, 2018 is also insufficient as a good faith effort to negotiate. I am advised by Azure Farms that genuine efforts to negotiate did not occur.

e) The person...has made a substantial investment in using or prosecuting the patent or in producing or selling a product, service or technology covered by the patent. *(ORS 646A.810 1.5e)*

Can you provide information demonstrating how Landmark uses the patent in question? What product or service do they provide that would be harmed by any patent infringement? Do you have evidence to show that Landmark is a producing entity? So far, it appears that Landmark is a non-producing entity which makes its money solely by coercing businesses to pay exorbitant licensing fees through demand letters sent in bad faith.

Additionally, your letter asserts that the patent didn't expire until September 11, 2018, but you provided no supportive evidence to illustrate why a 20-year patent which appears to have begun in 1994 would expire in 2018. Please provide supporting documentation and an explanation as to how you arrived at the expiration date you did. No reasonable person, including Azure Farms, would understand that the patent did not expire in 2014 based on the information you provided in the demand letters?

From the current information I have (from both your initial response and evidence Azure Farms has submitted to me), it appears that Landmark is authorizing demand letters from Banish Law that could indeed violate ORS 646A.810 as an unlawful trade practice. I would like to hear your response to my questions above before taking action per ORS 646.632 (Enjoining Unlawful Trade Practices) or contacting the Attorney General to undertake this action.

Please provide a response by January 14, 2018.

Sincerely yours,

Eric Nisley
District Attorney, Wasco County